UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        Case No. 15-20562
                                        HON. VICTORIA A. ROBERTS

v.

BRADLEY JORGE ATAN,

        Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTIONS FOR COMPASSIONATE RELEASE [ECF Nos. 67 and 68]**

**I.    INTRODUCTION**

This matter is before the Court on Bradley Jorge Atan's ("Atan's") Motions for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). He asks the Court to release him because of his medical conditions, his inability to participate in the residential drug treatment program ("RDAP"), and the risk of illness from COVID-19. He filed his motions *pro se*. Atan submitted a supplemental brief through counsel. The Government opposes Atan's release.

Because Atan fails to establish extraordinary and compelling reasons warranting release and fails to convince the Court he is not a danger, the Court **DENIES** his Motions.

1

## II. BACKGROUND

Atan pled guilty to conspiracy to distribute and to possess with intent to distribute heroin in violation of 21 U.S.C. § 846. Authorities observed Atan selling over 100 grams of heroin to his co-conspirator. At the same time, Atan stored 200 grams of heroin and a smaller amount of cocaine at his home. When Atan committed this crime, he was under Court supervision for violating a 2011 federal conviction for cocaine trafficking.

The Court sentenced Atan to ninety-nine months. Atan has served approximately 70% of his sentence. His projected release date is December 2022.

Atan is thirty-two years old. Atan is obese, with a BMI of 55. He received three discipline tickets in 2019. Atan completed his forklift certification and a number of other education courses. He also participated in a drug education course. Under "PATTERN" – a prisoner risk assessment tool used by the BOP – Atan presents a "high" risk for recidivism.

## III. STANDARD OF REVIEW

The Court's authority to grant Atan's request for compassionate release is governed by 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act of 2018. Generally, the Court may not modify a prison sentence once imposed. 18 U.S.C. § 3582(c). Compassionate release is an exception

to that general rule. Under the compassionate release statute, a court may modify a prison sentence: (i) upon a motion from the BOP; (ii) after the inmate has "fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf"; or (iii) after "the lapse of 30 days from the receipt of such a request by the warden of the [inmate]'s facility, whichever is earlier." *Id.* § 3582(c)(1)(A).

After determining the administrative process is exhausted, the court must consider whether extraordinary and compelling reasons warrant a reduction of the inmate's sentence, and that the reduction is consistent with the applicable policy statements issued by the Sentencing Commission and the factors set forth in § 3553(a). 18 U.S.C. § 3582(c)(1)(A)(i).

## IV. ANALYSIS

### A. Atan Exhausted Administrative Remedies

The BOP denied Atan's request for compassionate release on May 22, 2020. Atan administratively appealed the denial on June 1, 2020 and the warden denied the appeal on June 12, 2020. Atan exhausted all administrative remedies.

### B. No Extraordinary and Compelling Reasons Exist

Section 1B1.13 of the Sentencing Guidelines is the "applicable policy statement" with which the Court must comply when considering a request for

compassionate release. Section 1B1.13 explains that a defendant must "not [be] a danger to the safety of any other person or to the community" under 18 U.S.C. § 3142(g) and must fit within at least one of the following four categories of "extraordinary and compelling reasons": (1) the defendant's medical condition; (2) the defendant's age; (3) the defendant's family circumstances; and (4) other reasons as determined by the BOP. USSG § 1B1.13 cmt. n.1; *United States v. Austin*, No. 15-20609, 2020 WL 2507622, at *1 (E.D. Mich. May 15, 2020).

### 1. Atan's Medical Conditions Do Not Present Extraordinary and Compelling Reasons Justifying Release

Atan says such extraordinary and compelling medical reasons exist because he: (1) has a BMI over 30, a family history of kidney disease, and a hematuria diagnosis–the presence of blood in his urine–all placing him in a category of high risk for severe illness from COVID-19; and (2) is at a greater risk for contracting COVID-19 due to the conditions at FCI Cumberland, Maryland.

The government acknowledges this medical history, but says these factors do not demonstrate an extraordinary and compelling reason justifying Atan's release.

4

First, Atan's hematuria can be a risk factor for kidney disease. *See* Hematuria, Urology Care Foundation, https://perma.cc/VC37-BPKH. Another court in this district concluded that hematuria, asthma, and epilepsy along with the dangerousness of COVID-19 at the facility, justified release, *See United States v. Bandrow*, 2020 WL 4050242 at *6 (E.D. Mich. July 20, 2020), that case is distinguishable.

In *Bandrow*, the defendant tested positive for hematuria in January 2020 and was approved for a CT urogram and urology consult. *Id.* at *3. In May 2020, defendant was placed on a medical hold due to a COVID-19 outbreak in his facility. *Id.* By June 2020, the BOP issued defendant a "serious illness/critical illness" alert. *Id.* Despite that alert, defendant did not receive medical attention and reported urinating bright red blood in July 2020. The court held that the combination of the dangerous conditions at FCI Elkton, defendant's increased susceptibility to severe complications from COVID-19, and Elkton's inability to treat his hematuria were extraordinary and compelling reasons warranting his release. *Id.* at *5.

Atan's case differs from *Bandrow*. Atan's medical records show that his hematuria was diagnosed in 2016, but the records do not indicate the severity of the condition, nor does Atan address it in his brief. Although hematuria might be a symptom of a serious kidney issue, there is no

5

evidence that Atan is experiencing serious issues related to the diagnosis or, if complications arise, that FCI Cumberland will not provide adequate care and treatment.

Atan points to a family history of kidney disease, and says because of this, he is at increased risk of severe illness from COVID-19. Atan has not been diagnosed with kidney disease. The CDC does not place in a high risk category individuals with only a family history of kidney disease but who do not have it themselves. *See* CDC, People with Certain Medical Conditions, https://perma.cc/C7XB-7X82.

Second, with a BMI of 55 Atan is morbidly obese. Although the CDC does say that obesity is an underlying condition that poses increased risk for severe illness from COVID-19, courts have held that obesity—alone or paired with other underlying conditions—does not provide adequate grounds for compassionate release. *See United States v. Knight*, No. 15-20283, 2020 WL 3055987 (E.D. Mich. June 9, 2020) (denying compassionate release of a severely obese defendant with no other listed medical conditions); *United States v. Gordon*, No. 15-20609, 2020 WL 3971013 at *3 (E.D. Mich. July 14, 2020) (denying compassionate release of an obese defendant, reasoning because "42.4% of American adults are obese and [an] additional 32% are overweight," obesity "is not a condition so [extraordinary] that

injustice would result if the relief is not granted"); *United States v. Grasha*, 2020 WL 5747829 (W.D. Penn. Sept. 24, 2020) (denying compassionate release of a twenty-six year old obese defendant with sleep apnea and generalized anxiety order). Although Atan suffers from obesity, there is no evidence that his ability to provide self-care within FCI Cumberland is substantially diminished. *See* Application Note to U.S.S.G. § 1B1.13(1)(A).

### 2. Other Reasons Do Not Demonstrate Extraordinary and Compelling Reasons Justifying Release

Atan presents another argument for release. He says he has been denied access to the RDAP making him ineligible for transfer to a halfway house since he will not complete the program. After completion of the RDAP, a nine-month program, Atan claims he would be transferred to a halfway house to finish his sentence and be released one year early— on December 21, 2021.

The Court understands Atan's frustration with the suspension of the RDAP, but it does not constitute an extraordinary and compelling circumstance warranting compassionate release. Other courts have reached the same conclusion. *See United States v. Rutley*, 2020 WL 4040729 (E.D. Wis. July 17, 2020) (denying compassionate release to a defendant whose enrollment in the RDAP was suspended when the COVID-19 pandemic broke out); *United. States v. Bradley*, 2020 WL 4192545 at *4 (E.D. Mich.

July 21, 2020) (denying compassionate release to a defendant with no medical conditions who was unable to enroll in the RDAP because of the facility's suspension of the program).

The Court recognizes the seriousness of the COVID-19 pandemic and its spread within the federal prison. But, compassionate release may only be granted when a defendant demonstrates "extraordinary and compelling reasons" to justify early release. Neither Atan's obesity, his hematuria, or inability to participate in RDAP puts him at such an elevated risk of harm to justify release.

### C. Atan is a Danger to the Safety of the Community

Even if Atan satisfied the above requirements, he would be ineligible for release under 18 U.S.C. § 3582(c)(1)(A) because he is a danger to the community. Section 1B1.13(2) of the Sentencing Guidelines permits release only if "a defendant is not a danger to the community, as provided in 18 U.S.C. § 3142(g)." Section 3142(g) sets forth the factors the Court must consider to determine if there are conditions of release that will assure the safety of the community: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the

8

danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

Atan's current offense is for conspiracy to distribute and to possess with intent to distribute heroin. He committed this offense post-release from a halfway house he was confined to after serving a sentence for violating supervised release imposed in connection with his 2011 federal conviction for cocaine trafficking. While Atan had no physical contact with anyone in the commission of the crime, he did harm the public by participating in drug trafficking.

Courts have denied compassionate release to defendants with supervised release violations. *See United States. v. Manier*, 2020 WL 3439153 at *5-6 (M.D. Tenn. June 23, 2020) (denying compassionate release to a defendant with a history of non-compliance with the conditions of release, as he would be a danger to other persons or the community); *United States v. Eisenberg*, 2020 WL 2945917 at *2 (D.N.H. June 3, 2020) (denying compassionate release to defendant with a history of violating parole conditions multiple times); *United States v. Van Dyke*, 2020 WL 1811346, at *3 (E.D. Wash. Apr. 8, 2020), motion for reconsideration denied, 2020 WL 1845553 (E.D. Wash. Apr. 10, 2020) (denying motion for

compassionate release in part due to defendant's history of repeated supervised release violations).

Atan's repeated criminal offenses and supervised release violation demonstrate that he would be a danger to others and the community. Acordingly, he is not an appropriate candidate for the extraordinary remedy of compassionate release.

### D. The 18 U.S.C. § 3553(a) Factors are Inapplicable

Finally, USSG §1B1.13 directs the Court to consider the § 3553(a) factors to the extent they are applicable. Atan says these factors support his release because he has: (1) been required to serve a more onerous punishment in the last several months than could have been anticipated at the time of sentencing; (2) made strides in educating himself to improve his employability upon release; and (3) participated in various rehabilitative programming. He says he has a supportive family and will live with his father if released.

Since Atan fails to prove there is an extraordinary and compelling reason for his release under 18 U.S.C. § 3582(c)(1)(A), and fails to demonstrate he would not be a danger to the community if released, no § 3553(a) overrides these findings or is sufficient to warrant release.

## V. CONCLUSION

The Court **DENIES** Atan's motions for compassionate release.

Date: October 19, 2020

s/ Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge

11